## C. M. FLOURNOY AND ANOTHER v. SAMUEL MARX AND AN-OTHER.

1. An application for a continuance must not only aver due diligence, but it must state the facts on which such averment is predicated.

2. Though on a first application for a continuance it is not necessary to disclose the facts to be proved by the absent witness, yet if those facts are disclosed the court should take them into consideration, in determining on the application. (Williams v. Talbot, 27 Texas, 159, cited and approved.)

ERROR from Jackson. Tried below before the Hon. Wesley Ogden.

Suit on a note for $500, made in 1862, by C. M. Flournoy and James Devers, defendants below, to Marx and wife. The defense was that the note was for Confederate money, which defense, the application for continuance alleged, could be established by one R. S. Flournoy, a citizen of Jackson county, who was then confined by a serious wound so as to be disabled from attendance on the court. There was no showing made why his deposition was not taken.

There was judgment below for the plaintiffs; a new trial refused, and defendants bring their writ of error.

*Wm. Tate*, for plaintiffs in error.

*Glass & Callender*, for defendants in error, suggested delay, and cited Harrison v. Cotton, 25 Texas, 53, and Champion v. Angier, 16 Texas, 93.

WALKER, J.—The case of Hipp v. Bissell, 3 Texas Reports, page 18, Article 1509 and note 595, Paschal's Digest, also 10 Texas Reports, 283, are authorities quoted and relied on by plaintiffs in error.

In the last case, Prewitt v. Everett, the court say it has been decided by this court that if the terms of the statute are complied with on the first and second applications to continue, the court can exercise no discretion or power; that it must be granted. This is but the reiteration of the doctrine laid down in the case of Hipp against Bissell. We do not think the terms of the statute were complied with in this case. The affidavit must not only aver due diligence, but it must state the facts on which the averment is predicated. Our judgment accords with that of the district court. We do not think the facts show any diligence whatever. The plaintiff in error was not bound on the first application for continuance to state what he expected to prove by his absent witness; but if he should disclose them the court should take them into consideration in determining the application for a continuance. In this case the evidence would have been very material, but the application turned on the question of diligence, and we think the facts did not show that diligence which entitled the party claiming it to a continuance. Williams, et al., v. Talbot, et al., 27 Texas Reports, page 159, has been examined and is approved in this case. We do not think this is a proper case for the allowance of damages, but we affirm the judgment of the district court.

Affirmed.

Mr. Justice Ogden did not sit in this case.