OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas

Dear Sir:                    Attention:  Mr. Ralph L. Buell
                             O-2151
                             Opinion No. ~~O-2131~~
                             Re:  Issuance of a certificate of
                                  title on a motor vehicle to
                                  a mortgagee who repossesses
                                  a motor vehicle and sells the
                                  same to himself under a power
                                  of private sale contained in the
                                  mortgage.

          We are in receipt of your letter of March 29, 1940,
in which you request an opinion of this department on the
following question contained therein:

          "When a mortgagee repossesses a motor ve-
     hicle (holding possession thereof as a trustee)
     may the mortgagee (trustee) sell the vehicle to
     himself as a private purchaser and thus acquire
     ownership of the vehicle and become entitled to
     a Certificate of Title against the vehicle?"


          This department ruled in Opinion No. O-1984 that
where a mortgagee repossesses a motor vehicle and sells the
same at a private sale, which procedure is in accordance
with the terms of the mortgage, your department is author-
ized to issue a Certificate of Title in the name of the pur-
chaser at such private foreclosure sale.  In your question
here you are concerned with the situation where the mort-
gagee himself purchases the property at such private fore-
closure sale and applies for a Certificate of Title in his

Honorable Homer Garrison, Jr., Page 2

own name.

*0-1984*

In our Opinion No. 0-1984 we pointed out that the right to foreclose by private sale is contractual and that such a provision contained in a mortgage is not against public policy. In line with this authorities in this State hold that where under the terms of a mortgage the mortgagee is permitted to be a purchaser at a sale conducted by him under the power of private sale contained therein that such provision is not against public policy and is not void. The Supreme Court of Texas in the case of The Howards v. Davis, 6 Tex. 173, held that the mortgagee could be a purchaser at a sale conducted under the power of sale contained in the mortgage. This rule of law was again announced by the Supreme Court in the case of Scott v. Mann, 33 Tex. 726. To the same effect see the case of Goodgame v. Rushing, 35 Tex. 723, by the Supreme Court of Texas.

It is to be noted that these old Supreme Court cases recognize that a mortgagee may purchase at a foreclosure sale conducted under the power of sale contained in the mortgage. In each of those cases, however, it is contemplated that the sale conducted will be a public and open one. The rule as to the right of the mortgagee to purchase would of necessity have to be extended to a purchase at private sale because he acts in exactly the same capacity under the law in selling property at a private foreclosure sale as he does at public foreclosure sale, each of which is made under the terms of the power of sale contained in the mortgage. The rule is stated in 5 R. C. L. 470 as follows:

"It is generally recognized that the mort-
gagee may purchase at the sale with the consent
of the mortgagor given orally or in the mort-
gage itself. It has been ruled that a mortgagee
may purchase the mortgaged chattels, even in the
absence of express consent by the mortgagor, only
where the sale is conducted in good faith and not
in fraud of the rights of the mortgagor. . . ."

In the case of Davenport v. San Antonio Machine & Supply Co., 59 S. W. (2d) 207, the San Antonio Court of Civil Appeals held that a corporation in which the mortgagee was a stockholder could purchase at a public sale made under the power of sale contained in the mortgage.

The case which comes nearer to covering the question you ask than any other is the case of Campbell v. Eastern Seed

& Grain Co., 109 S. W. (2d) 997. In this case the mortgagee repossessed the property and made a private sale without notice to the mortgagor and the mortgagee was the purchaser at such private sale. The San Antonio Court of Civil Appeals sustained the sale and stated as follows:

> "It was expressly provided in the mortgage that the mortgagee need not give notice of the exercise of its option to foreclose, but was authorized to sell at public or private sale in 'Raymondville, or elsewhere, without demand for performance'; there was no requirement, express or by necessary implication, that notice of intention to sell be given the mortgagor prior to sale. It was provided in the mortgage that the mortgagee 'may purchase at such sale in the same manner, and to the same effect, as any person not interested herein.'
>
> "The rule governing sales under foreclosure upon personal property is that the power to foreclose through sales, other than under court order, is purely contractual. 9 Tex. Jur. p. 189 Subsec. 85."

It is the opinion of this department, therefore, that where the mortgage by its terms allows the mortgagee to become a purchaser at a private foreclosure sale that he may so purchase the repossessed property. In the foreclosure under the terms of a mortgage it is necessary that the same be strictly complied with. This is the holding of the Commission of Appeals of Texas in the case of Firemen's Fund Insurance Co. v. Wilson, 284 S. W. 920. The Court held that in a case where sale was made under the terms of the mortgage and such terms were not complied with the same was void and that the purchaser acquired no rights either legal or equitable in the property by means of the sale. You are advised, however, that in case the terms of the mortgage are complied with and under the mortgage the mortgagee is authorized to be a purchaser that he may so purchase the property and get legal title to the same, and you would be authorized to issue a Certificate of Title in such mortgagee's name. Certainly an express provision in the mortgage such as was contained in the mortgage in the Campbell case to the effect that the mortgagee could be the purchaser at the private foreclosure sale could be sufficient to authorize his purchase of the motor vehicle of such sale. On the other hand, if the mortgage was silent on this proposition, but merely provided that the mortgagee could sell the property at a

private sale, it is our opinion that the courts would say
in such a case that it was contemplated between the parties
to the mortgage that the sale would be made to a third party
not the mortgagee. In such a case the sale by the mortgagee
to himself would be void. As to whether or not other word-
ing of a particular mortgage is such as to show the parties
reasonably contemplated that the mortgagee might purchase
at the private sale would depend in each case on the language
used.

This rule of law was announced in the case of Clark
v. Studebaker Corporation of America, 171 N. E. 602, as fol-
lows:

". . . The mortgage by its terms gave the
mortgagee the right to take possession of the
mortgaged car and sell it at private sale with-
out notice, and also provided that the mortgagee
could become the purchaser at such sale. It fol-
lows that if the mortgagee or an agent of the mort-
gagee, or anyone else, bought it at such sale, the
sale would be valid and the purchaser would get a
good title. . . ."

For your further information we call your attention
to the case of Fidelity Union Fire Insurance Co. v. Ballew-
Satterfield Co., 10 S. W. (2d) 163. In this case the plain-
tiff sold a motor vehicle to an individual named Barber. Bar-
ber then executed certain notes secured by a mortgage to the
Automobile Finance Company of Galveston. The plaintiff en-
dorsed and guaranteed the payment of said notes to said fi-
nance company. Thereafter Barber defaulted in the payment of
some of the notes and the finance company though its agent
took possession of the car and by private sale sold the same
to the plaintiff. In holding such a sale valid, the Court
stated as follows:

"The chattel mortgage which Barber exe-
cuted authorized the mortgagee in case of de-
fault to repossess the car and sell it at pub-
lic or private sale. The court's findings in-
corporated in the judgment are to the effect
that the sale was privately made in accordance
with the terms of the mortgage. The evidence
sustains this finding, and the legal effect of
the sale was to vest appellee with the sole and
unconditional title to the property."

You are, therefore, advised that in such a situation your department would be authorized to issue a Certificate of Title on the motor vehicle in the name of the purchaser at such foreclosure sale.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

APPROVED APRIL 27, 1940
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

BG:RS:iw

APPROVED OPINION COMMITTEE
BY (S) B. W. B., CHAIRMAN